UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GABRIEL, LLC,

    Plaintiff,

v.

PMG MID ATLANTIC, LLC,
PETROLEUM MARKETING GROUP, INC.
and
PRINCE GEORGE'S COUNTY,

    Defendants.

Civil Action No. TDC-21-2961

## MEMORANDUM OPINION

Plaintiff Gabriel, LLC ("Gabriel") has filed a civil action against Defendants PMG Mid Atlantic, LLC and Petroleum Marketing Group, Inc. ("PMG") (collectively, "the PMG Defendants"), as well as against Prince George's County, Maryland ("the County"). In its Amended Complaint, Gabriel alleged violations of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2802, 2804, 2805 (2018), and breach of contract against the PMG Defendants. Gabriel also seeks a writ of mandamus against the County. The County has filed a Motion to Dismiss and a Motion for a Protective Order. Having reviewed the submitted materials, the Court finds that no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

As described in the Amended Complaint, Gabriel operated a British Petroleum gas station located in Capitol Heights, Maryland. On December 1, 2019, Gabriel and the PMG Defendants entered into a franchise agreement. On June 10, 2021, the Prince George's County Department of

Permitting, Inspections, and Enforcement ("the DPIE") filed a complaint against Gabriel with the County's Nuisance Abatement Board ("the Board"), which then held a public hearing on the complaint on June 24, 2021. On July 7, 2021, the Board found the gas station to be a public nuisance, ordered the gas station to close, and imposed a civil fine on both Gabriel and the PMG Defendants. The gas station would be allowed to reopen if it abated the nuisance activities, remedied all violations of the County's zoning ordinance identified in a July 20, 2021 DPIE citation, and passed County inspections. Gabriel asserts that although it remedied all violations within its responsibility and attempted to schedule an inspection by a DPIE inspector, the PMG Defendants did not address alleged violations that were within their responsibility and refused to participate in or consent to the inspection, which caused the DPIE to decline to conduct the inspection.

Instead, on July 21, 2021, the PMG Defendants sent Gabriel a notice of termination of the franchise agreement, effective on July 28, 2021, which violated the franchise agreement's requirement of 90 days of notice. On September 13, 2021, Gabriel sent to PMG a letter disputing the notice of termination. On September 15, 2021, PMG sent a responsive letter to Gabriel in which it asserted additional reasons for terminating the franchise agreement.

On October 4, 2021, Gabriel filed the original Complaint in this action in the Circuit Court for Prince George's County, Maryland, alleging violations of the PMPA and breach of contract against the PMG Defendants and seeking a writ of mandamus against the County. On November 18, 2021, the PMG Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction. On January 14, 2022, Gabriel filed an Amended Motion to Strike Removal and Remand in which it argued that removal was improper because the County did not consent to the removal. On May 9, 2022, this Court denied that motion on the grounds

that the PMG Defendants' failure to secure consent did not render the removal improper because the County was not "properly joined and served" at the time of removal. Mem. Order at 5, ECF No. 22 (quoting 28 U.S.C. § 1446(b)(2)(A)).

On December 30, 2022, Gabriel filed an Amended Complaint. Counts I and III allege that the PMG Defendants improperly terminated the franchise agreement without providing 90 days of notice, in violation of the PMPA, 15 U.S.C. §§ 2802(a)(2), 2804(a), 2805(b)(2). Count II alleges a breach of contract by the PMG Defendants, specifically the termination of the franchise agreement in violation of its terms. Count IV of the Amended Complaint, asserted against the County, seeks a writ of mandamus ordering the County to perform the required inspections and to deem the gas station to no longer be a nuisance.

## DISCUSSION

In its Motion to Dismiss, the County seeks dismissal of Count IV on the grounds that (1) the Court lacks subject matter jurisdiction over a claim for a writ of mandamus against a state or local government; and (2) Gabriel lacks standing to assert this claim because it is no longer the owner of the gas station.

Since filing the Motion to Dismiss, the County has filed a separate Motion for a Protective Order requesting that the Court stay discovery against the County pending resolution of the Motion to Dismiss.

### I.   Legal Standard

Because the Motion to Dismiss seeks dismissal for lack of subject matter jurisdiction, it is properly construed as seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant

to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## II.    Writ of Mandamus

The County first argues that Count IV must be dismissed because this Court lacks jurisdiction to issue a writ of mandamus to compel the County to take a specific action. In response, Gabriel argues that this Court has jurisdiction to issue writs of mandamus against state officials pursuant to the All Writs Act, 28 U.S.C. § 1651 (2018).

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.* § 1651. However, the United States Supreme Court, in defining the scope of the All Writs Act, has held that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). Indeed, a federal statute grants federal district courts authority to issue writs of mandamus, but only against federal agencies or officials: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

In light of § 1361, and consistent with the principle set forth in *Syngenta Crop Protection, Inc.*, the United States Court of Appeals for the Fourth Circuit has rejected the premise that the All

4

Writs Act provides federal district courts with the authority to issue writs of mandamus against state officials. In *AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Board of Adjustment*, 172 F.3d 307 (4th Cir. 1999), the court found that because "the federal mandamus statute, 28 U.S.C. § 1361, applies only to 'an officer or employee of the United States or any agency thereof,' not to state officials . . . [t]he All Writs Act, 28 U.S.C. § 1651 has no application here." *Id.* at 312 n.3. Likewise, in *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), after considering the authority set forth in the All Writs Act, the court held that both the Fourth Circuit and the district court lacked jurisdiction to issue a writ of mandamus to compel a state court official to take a specific action. *Id.* Other United States Courts of Appeals have likewise found that the federal courts lack jurisdiction over actions seeking a writ of mandamus against state officials because "[t]he federal courts have no general power to compel action by state officials." *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (collecting cases). Accordingly, the Court finds that it lacks jurisdiction over the claim in Count IV seeking a writ of mandamus against the County.

Gabriel's assertion that the Court may nevertheless exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367 does not alter this conclusion. Federal district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Although the claim against the County in Count IV is fairly construed as part of the same case or controversy as the claims against the PMG Defendants in Counts I-III, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)" under certain circumstances, including if "the claim

raises a novel or complex issue of State law" or if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4).

Here, the Court declines to exercise supplemental jurisdiction over Count IV because there is a compelling reason for declining jurisdiction, specifically, the fact that the relief sought in Count IV is uniquely within the authority of a state court to provide. *See id.* Thus, the Court does not have subject matter jurisdiction over Count IV.

### III. Remand

In opposing the Motion to Dismiss, Gabriel requests that if the Court finds that it lacks subject matter jurisdiction over Count IV, it should remand "this action" to the state court rather than dismiss Count IV. Opp'n at 9, ECF No. 63. As authority for remand, Gabriel cites 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Although it is not explicitly clear that Gabriel seeks remand of all claims, including the claims in Counts I-III against the PMG Defendants, to the extent that Gabriel seeks such a sweeping remedy, that request fails. In seeking dismissal, the County did not assert, nor is there any basis to find, that this Court lacks subject matter jurisdiction over Counts I-III, where there is plainly federal question jurisdiction over the PMPA claims in Counts I and III, and supplemental jurisdiction over the related breach of contract claim in Count II is clearly warranted. In a circumstance in which a district court has subject matter jurisdiction over certain claims but finds a lack of subject matter jurisdiction over other claims, § 1447(c) does not require remand of the entire case. *See Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392-93 (1998). In *Wisconsin Department of Corrections*, the Supreme Court reasoned that an "ordinary reading" of section 1447(c) reveals that "the statute refers to an instance in which a federal court 'lacks subject matter

jurisdiction' over a 'case,' and not simply over one claim within a case." *Id.* at 392. When a court has subject matter jurisdiction over certain claims, which therefore rendered the original removal valid, a finding that the court lacks subject matter jurisdiction over one claim "does not destroy removal jurisdiction over the remaining claims in the case" such that a "federal court can proceed to hear those other claims." *Id.* at 392-93; *see also Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044 (D.C. Cir. 2010) (holding that where the court lacks jurisdiction over one claim, section 1447(c) "does not require remand of the entire case," and the "federal court may hear the claims for which federal jurisdiction exists"); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001) (rejecting the argument that § 1447(c) requires "remand of the entire case when there is subject matter jurisdiction over some of it"). Thus, remand of the entire case is not warranted.

The Court, however, will sever Count IV and remand it to the state court. In *Lee*, the court stated that "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court." *Lee*, 260 F.3d at 1007. Remand of certain claims over which the Court lacks subject matter jurisdiction is further supported by 28 U.S.C. § 1441(c)(2), which provides that upon the removal of a case that included a claim for which there is federal question jurisdiction and "a claim not within the original or supplemental jurisdiction of the district court," "the district court shall sever from the action all claims" not within the original or supplemental jurisdiction of the district court and "shall remand the severed claims to the State court from which the action was removed." *Id.*

Here, the Amended Complaint includes a single claim, Count IV, that the Court has now concluded is not within the Court's original or supplemental jurisdiction. Severance and remand of Count IV is therefore warranted. *See id.* Indeed, remand rather than dismissal is appropriate

7

because although a federal court may not grant the relief requested in Count IV, there has been no claim that a state court could not provide such relief.

For this same reason, and where Count IV will be remanded, the Court declines to address the County's request that Count IV be dismissed for lack of standing. Even assuming that the County were found to be correct that this Court lacks Article III standing over Count IV, such a conclusion would not necessarily establish that Gabriel lacks standing to assert the claim in state court. *See Maryland Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 219 (4th Cir. 2020) ("Standing to sue in any Article III court is . . . a federal question which does not depend on the party's [] standing in state court." (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985))).

## IV.   Motion for a Protective Order

Because the result of the Court's ruling on the Motion to Dismiss is that County will no longer be a party to the present case in federal court, the Motion for a Protective Order will be denied as moot.

## CONCLUSION

For the foregoing reasons, the County's Motion to Dismiss will be GRANTED IN PART and DENIED IN PART in that the Court finds a lack of jurisdiction over the claim in Count IV of the Amended Complaint and will sever that count and remand it to the Circuit Court for Prince George's County. The County's Motion for Protective Order will be DENIED AS MOOT. A separate Order shall issue.

Date:  October 18, 2023

THEODORE D. CHUANG
United States District Judge